UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-260** |
| **CLIFF DURIO** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Cliff Durio's ("Durio") motion[1] to terminate his supervised release. The government opposes the motion.[2] For the reasons below, the Court denies the motion.

## I. BACKGROUND

On July 14, 2016, Durio pleaded guilty before this Court to one count of fraud in connection with access devices in violation of 18 U.S.C. § 1029(a)(3).[3] The charge arose from an incident in which airport security officers found 738 credit cards in bundles of approximately 50 cards, all in a single person's name but with different account numbers, in Durio's checked luggage.[4] When Durio was arrested, officers also found 46 gift cards, $2,050 in cash, a laptop computer, an iPad mini, an iPhone, and two other smart phones on his person.[5]

---

[1] R. Doc. No. 77.
[2] R. Doc. No. 79.
[3] R. Doc. No. 31.
[4] R. Doc. No. 32.
[5] *Id.* at 2.

This Court sentenced Durio to 78 months imprisonment and a three-year term of supervised release.[6] The Court also ordered Durio to pay approximately $35,000 in restitution as part of his sentence.[7]

Durio was released from Bureau of Prisons custody on August 11, 2021. On April 10, 2023, he filed a motion to terminate his supervised release.[8] The Court denied that motion without ordering a response from the government, noting that Durio had "not yet completed payment of the ordered restitution" nor had he "completed his cognitive behavior therapeutic classes."[9] The Court therefore concluded that "the interests of justice" did not require the early termination of Durio's supervised release. The instant motion is largely identical to the motion the Court previously denied.

## II.   LAW & ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), "[t]he court may, after considering the [sentencing] factors set forth in section 3553(a)[ ] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

---

[6] R. Doc. No. 45.
[7] *Id.* at 5. After Durio was sentenced, the government charged his brother and another individual with various conspiracy charges, and Durio's possession of the cards at the airport was alleged as an overt act as to those conspiracy charges. *United States v. Toliver, et al.*, E.D. La. Crim Case No. 19-150, R. Doc. No. 15. The defendants in that case ultimately pleaded guilty.
[8] R. Doc. No. 75.
[9] R. Doc. No. 76.

"District courts enjoy considerable discretion in determining when the interests of justice warrant early termination, and courts have consistently declined to grant such relief just because the defendant has complied with his conditions" of supervised release. *United States v. Lynn*, No. 90-53, 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (quotation and citation omitted) (collecting cases). "Rather, early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Seymore*, No. 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) (Fallon, J.) (quotation and citation omitted).

Durio argues that the Court should terminate his supervised release because he is successfully employed, has the support of his family, has "completed all course requirements of probation," and has passed his drug tests.[10] Recognizing that he has not yet paid the restitution judgment in full, he states that he "will pay two hundred dollars a month until [he] finish[es] [his] restitution if the court grants this motion."[11]

As noted, the Court has already denied a similar motion by Durio based in part on the fact that his restitution judgment is not yet paid in full. Durio does not acknowledge this previous ruling and does not explain why the Court should reach a different conclusion at this time.[12] Durio's motion reveals only that he has complied

---

[10] R. Doc. No. 77-1, at 8–9.
[11] *Id.* at 8.
[12] To the extent Durio seeks reconsideration of the Court's previous order, that request would also be denied. "While motions for reconsideration in criminal actions are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Batiste*, No. 06-145, 2021 WL 2338217, at *1 (E.D. La. June 8, 2021) (Lemmon, J.) (quotation and citation omitted). "Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context." *Id.* (quotation and

3

with the conditions of his supervised release, which, as noted, does not justify early termination. *Lynn*, 2022 WL 2446328, at *3. Taking Durio's motion at face value,[13] it appears that he is doing well in supervised release, but he does not point to any "exceptionally good behavior" in support of his motion. *Seymore*, 2023 WL 3976200, at *1.

Furthermore, the Court finds that the § 3553(a) factors weigh against Durio's motion. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" weigh against the motion because, as the government points out, Durio was on probation when he committed the crime charged in this case and had additional pending charges at the time of sentencing.[14] 18 U.S.C. § 3553(a)(1). In addition, granting early termination would ignore "the need to provide restitution to any victims of the offense," as Durio has not yet completed his restitution payments. *Id.* § 3553(a)(7).

---

citation omitted). Reconsideration is appropriate only where the movant points to an intervening change in controlling law, newly discovered evidence that was previously unavailable, or a manifest error of law or fact in the court's original ruling. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citation omitted). Durio has not made any of these showings.

[13] The government argues that Durio may have overstated his responsibilities at work, because the Department of Transportation webpage for one of the companies where Durio is apparently employed shows that the company has only nine trucks, and Durio claims that he oversees routes for 50 trucks. R. Doc. No. 79, at 4−5. The government also represents that the company was founded by Durio's brother, who, as noted above, was sentenced in this District on charges related to those against Durio, and that the company's Facebook page was last updated in 2021, prior to the brother's sentencing. *Id.* at 4. The government further states that the auto detailing business to which Durio refers in his motion does not exist or may have been named improperly in Durio's motion. *Id.* at 5. The Court need not reach these factual issues in order to determine that Durio's motion should be denied.

[14] R. Doc. No. 35, at 8, 10.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Durio's motion to terminate his supervised release is **DENIED**.

New Orleans, Louisiana, July 6, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**